UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHIE ABLAZA, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>SANOFI-AVENTIS U.S. LLC,<br><br>   Defendant. | Case No. 21-cv-01942-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: ECF No. 73 |

Before the Court is Defendant Sanofi-Aventis U.S. LLC's ("Sanofi") motion to dismiss. ECF No. 73. The Court will grant the motion in part and deny it in part.

I.   **BACKGROUND**

The factual background to this putative class action is summarized in greater detail in this Court's order of July 12, 2022, regarding Sanofi's motion to dismiss Plaintiffs' First Amended Complaint. ECF No. 66 at 1-2. In short, Plaintiffs challenge Sanofi's advertisement of several of its lidocaine products as "Maximum Strength" because there are prescription lidocaine patches that contain higher percentages of lidocaine. Second Amended Complaint ("SAC") ¶ 37-38, ECF No. 68.

The SAC brings claims for (1) breach of express warranty; (2) breach of the implied warranty of merchantability; (3) violation California's False Advertising Law ("FAL"), Cal. Bus. & Prof Code § 17500 *et seq*.; (4) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*.; (5) violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq*.; (6) violations of the New York Deceptive Trade Practices Act, New York Gen. Bus. Law § 349 *et seq*.; (7) violations of the New York Deceptive Sales Practice Act, New York Gen. Bus. Law § 350 *et seq*.; (8) violation of the Illinois Consumer

Fraud Act, 815 ILCS 505/1 *et seq.*; (9) violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/2 *et seq.*; (10) fraud; and (11) unjust enrichment. SAC ¶¶ 140-277. Plaintiffs seek damages and equitable relief.

The Court previously granted in part and denied in part Sanofi's motion to dismiss Plaintiffs' First Amended Complaint ("FAC"). *See* ECF No. 66. The Court granted the motion as to (1) Plaintiffs' claims seeking injunctive relief because Plaintiffs failed to allege that they lack an adequate remedy at law; (2) Plaintiffs' fraud claim on the ground that Plaintiffs failed to allege non-conclusory facts regarding Sanofi's knowledge and intent; (3) Plaintiffs' claim for violation of the implied warranty of merchantability because Plaintiffs failed to allege that the products were unfit for ordinary use; and (4) Plaintiffs' claim for unjust enrichment because Plaintiffs failed to allege which state law governs the claim.

## II.  JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## III.  LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While this standard is not "akin to a 'probability requirement' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In determining whether a plaintiff has met the

1    plausibility requirement, a court must "accept all factual allegations in the complaint as true and
2    construe the pleadings in the light most favorable" to the plaintiff.  *Knievel v. ESPN*, 393 F.3d
3    1068, 1072 (9th Cir. 2005).

**IV.    DISCUSSION**

Sanofi argues that Plaintiffs complaint remains deficient as to the four claims that the Court previously dismissed.  ECF No. 73.  Plaintiffs withdraw their claim for violation of the implied warranty of merchantability, ECF No. 74 at 6 n.1, and argue that the complaint (1) alleges facts sufficient to confer Plaintiffs standing to seek equitable relief, (2) alleges facts sufficient to plead fraudulent intent, and (3) sufficiently identifies which state law governs their unjust enrichment claim.  The Court takes each argument in turn.

**A.    Standing to Seek Equitable Relief**

Under "traditional principles governing equitable remedies in federal courts," a plaintiff "must establish that she lacks an adequate remedy at law" before securing equitable relief under the UCL and CLRA.  *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).  At the pleading stage, "most district courts applying *Sonner* have . . . 'understood it to require that a plaintiff must, at a minimum, *plead* that she lacks adequate remedies at law if she seeks equitable relief.'"  *Johnson v. Trumpet Behavioral Health, LLC*, No. 21-cv-3221-WHO, 2022 WL 74163, at *3 (N.D. Cal. Jan. 7, 2022) (emphasis in original) (quoting *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 875 (N.D. Cal. 2021)); *see* Order, *In re Natera Prenatal Testing Litig.*, No. 22-cv-00985-JST (N.D. Cal. Mar. 28, 2023), ECF No. 64 at 18-19 (collecting cases).

**1.    Equitable Monetary Relief**

The complaint adequately alleges that Plaintiffs lack an adequate remedy at law as to their claims under the FAL, UCL, and CLRA.  With respect to each of these claims, Plaintiffs allege that damages "would not be adequate to address the injury suffered by Plaintiffs" and that "legal damages may not be available to Plaintiffs given [Sanofi's] arguments against Plaintiffs' legal claims."  SAC ¶¶ 181-82, 196-97, 205-06.  That allegation is sufficient at this stage of the litigation.

Sanofi's arguments to the contrary are without merit.  Sanofi first argues that Plaintiffs

1   have failed to an inadequate remedy at law because the equitable monetary relief Plaintiffs seek is
2   predicated on the same wrongful conduct for which Plaintiffs are seeking damages.  ECF No. 73
3   at 13-14.  But "nothing in *Sonner* precludes plaintiffs from [seeking equitable relief] in the
4   alternative to remedies at law."  *Cepelak v. HP Inc.*, No. 20-cv-02450-VC, 2021 WL 5298022, at
5   *2 (N.D. Cal. Nov. 15, 2021); *accord Jeong v. Nexo Fin. LLC*, No. 21-cv-2392-BLF, 2022 WL
6   174236, at *27 (N.D. Cal. Jan 19, 2022) ("There is no binding precedent that holds that pleading
7   equitable restitution in the alternative is improper."); *Warren v. Whole Foods Mkt. Cal., Inc.*, No.
8   21-cv-04577-EMC, 2022 WL 2644103, at *9 (N.D. Cal. July 8, 2022) ("[The plaintiff] is not
9   barred by *Sonner* . . . from pursuing alternative remedies at this early stage of the suit."); *Brown v.
10  Van's Int'l Foods, Inc.*, No. 22-cv-00001-WHO, 2022 WL 1471454, at *12 (N.D. Cal. May 10,
11  2022) ("It will suffice at the pleading stage for plaintiff to plead that her legal remedies are
12  inadequate or plead equitable claims in the alternative because her legal remedies are
13  inadequate.").
14        Second, Sanofi takes issue with Plaintiffs' request for equitable monetary relief to the
15  extent that damages *may* not be available with respect to a particular claim.  *See* ECF No. 73 at 15.
16  But it is sufficient for Plaintiffs to allege that restitution "would be more certain . . . than the legal
17  remedies they request."  *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1009 (N.D. Cal. 2020);
18  *accord Murphy v. Olly Pub. Benefit Corp.*, --- F. Supp. 3d ----, No. 22-cv-03760-CRB, 2023 WL
19  210838, at *11 (N.D. Cal. Jan. 17, 2023) ("Plaintiffs alleged that legal remedies were not as
20  certain as equitable remedies. . . .  That is sufficient.").  Sanofi's otherwise selective quotations of
21  inapposite caselaw are unpersuasive.

        **2.    Injunctive Relief**

23        Sanofi argues that Plaintiffs lack standing to pursue injunctive relief because Sanofi has
24  already changed its product labels such that Plaintiffs are not at risk of future harm.  *Id.* at 17.  The
25  Court is unpersuaded.  Sanofi makes its argument in reliance on Plaintiffs' concession in the SAC
26  that Sanofi changed the advertising of several of its products after Plaintiffs filed their original
27  complaint.  *See* SAC ¶ 32 n.8.  A review of the product listings incorporated by reference into the
28  SAC does indicate that the packaging for Sanofi's IcyHot Max Lidocaine Patch now includes the

1   disclaimer, "Maximum Strength Lidocaine without a prescription* . . . *Among OTC topical
2   analgesics." *See* Icy Hot® Max Lidocaine Patch, https://www.icyhot.com/en-
3   us/products/patches/lidocaine-patch/ (last accessed Mar. 28, 2023).  The webpages for Sanofi's
4   Aspercreme products contain a similar disclaimer.  *E.g.*, Aspercreme® Lidocaine Pain Relief
5   Patch, https://www.aspercreme.com/en-us/products/patch/lidocaine-patch (last accessed Mar. 28,
6   2023).  Crucially, however, that disclaimer appears nowhere on the Aspercreme packaging itself,
7   which represents the product as "MAX STRENGTH" without qualification.  *Id.*  A consumer
8   purchasing the Aspercreme products in-person would thus lack notice of the disclaimer.  As a
9   result, the Aspercreme product packaging maintains a representation that the Court previously
10  held was subject to suit as an actionable deception.  ECF No. 66 at 6-7.

11  Plaintiffs have alleged that they have "an intention to purchase the [p]roduct[s] in the
12  future if the products are truthfully labeled and not misleadingly advertised."  SAC ¶¶ 53, 63, 73,
13  83, 93, 103, 113, 139.  Accordingly, Plaintiffs' injury is their "inability to rely on the validity of
14  the information advertised on [the packing of Sanofi's products] despite [their] desire to purchase
15  truly [maximum strength lidocaine products]."  *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956,
16  971 (9th Cir. 2018); *accord Celpak*, 2021 WL 5298022, at *3 ("The plaintiffs state that, absent an
17  injunction, they 'will abstain from purchasing [HP printers] even though they would like to do so
18  in the future' because they will not be able to rely on HP's representations (or lack thereof)
19  concerning the alleged defect." (alteration in original)).  Plaintiffs labor under a risk of future harm
20  because,"[d]espite now knowing that the . . . labeling was false at the time of purchase, "[s]hould
21  [Plaintiffs] encounter the denomination ['maximum strength'] on [a Sanofi product] at the . . .
22  store today, [they] could not rely on that representation with any confidence."  *Davidson*, 889 F.3d
23  at 971 (quoting *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 533 (N.D. Cal. 2012)).
24  And it is clear that the "harm cannot be remedied by a future damages action because [Plaintiffs]
25  cannot bring a lawsuit based on their decision *not* to purchase" the products.  *Celpak*, 2021 WL
26  5298022, at *3.  The Court therefore concludes that Plaintiffs have standing to seek injunctive
27  relief.

28  Sanofi's arguments to the contrary are not well taken.  First, Sanofi repeatedly accuses

Plaintiffs of making an "argument absent from the SAC." ECF No. 75 at 13. As discussed above, the factual predicate for Plaintiffs argument is incorporated by reference into the SAC, *see Knievel*, 393 F.3d at 1076, and Sanofi relies on a selection of the very same facts to substantiate its argument in support of dismissal. And Plaintiffs are not required to make legal arguments in a complaint. *See Jennings v. Hunt Cos., Inc.*, 367 F. Supp. 3d 66, 71 ("Defendants have cited no authority that a legal theory must first be included in a complaint and, indeed, it is generally inappropriate to include a legal argument . . . within a complaint." (internal quotation marks omitted)). Second, in arguing that Plaintiffs suffer no risk of alleged future harm, Sanofi acknowledges the Ninth Circuit's opinion in *Davidson* while reasoning along lines that *Davidson* plainly controverts.

### B.     Fraud Claim

The parties dispute whether the SAC sufficiently alleges Sanofi's knowledge and intent as required to state a claim for common law fraud. Compared to the FAC, the SAC added the allegation that because Sanofi "is a large scale and sophisticated pharmaceutical company with somewhere between 5000-10,000 employees" and "manufactures both over the counter and prescription products," it must be that Sanofi "kn[ew] that there were higher strength prescription lidocaine products available" and thereby "intended consumers, including Plaintiffs and the Class, into being fraudulently induced into purchasing the products." SAC ¶ 125, 267.

The SAC fails to plausibly allege knowledge and intent. Granted, the allegation of Sanofi's size and sophistication does support a reasonable inference that Sanofi knew of the existence of prescription lidocaine medications that were stronger than its over-the-counter products. But the question is not whether Sanofi knew of the existence of stronger prescription medications. Rather, the question is whether Sanofi knew that its representation of its over-the-counter products as 'Maximum Strength' led consumers to understand that Sanofi's products were the strongest treatments available with or without a prescription. The Court cannot reasonably draw that inference merely from the size and sophistication of Sanofi, which raise no more than "a sheer possibility" that Sanofi had such knowledge. *Iqbal*, 556 U.S. at 678; *cf. Ahn v. Scarlett*, No. 5:16-cv-05437-EJD, 2017 WL 1196828, at *3 (N.D. Cal. Mar. 31, 2017) (finding knowledge of

6

falsity where plaintiffs "described the circumstances surrounding [the defendant's] representation" making it clear that "the difference between the earlier and the later statements is not merely the difference between two permissible judgments, but rather the result of a falsehood"). And "[b]ecause Plaintiffs do not allege any facts as to [Sanofi's] knowledge that consumers were being misled, these allegations do not support an inference of intent." *Elgindy v. AGA Serv. Co.*, No. 20-cv-06304-JST, 2021 WL 1176535, at *14 (N.D. Cal. Mar. 29, 2021). As a result, Plaintiffs' allegations of intent are also conclusory. *See id.* (quoting *Pemberton v. Nationstar Mortg. LLC*, 331 F. Supp. 3d 1018, 1047 (S.D. Cal. 2018) ("[M]ere conclusory allegations that representations or omissions were intentional and for the purpose of defrauding and deceiving plaintiffs . . . are insufficient." (internal quotation marks omitted)). Accordingly, Plaintiffs have failed to state a claim for common law fraud.[1]

Plaintiffs argue that they need not plead more because such circumstances are peculiarly within Sanofi's knowledge. This principle, however, applies only to allegations made on information and belief. *See Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) ("The *Twombly* plausibility standard . . . does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." (quoting *Arista Records, LLC v. Doe 3*, 603 F.3d 110, 120 (2d Cir. 2010))); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). Plaintiffs do not allege Sanofi's knowledge and intent on information and belief, nor do Plaintiffs allege that these circumstances are peculiarly within Sanofi's knowledge. Rather, they make such allegations in reliance on the Sanofi's size and sophistication. For the reasons discussed above, that is insufficient.

---

[1] As an independent ground for dismissal, the SAC fails to identify which state law governs Plaintiffs' fraud claim. *See Sidhu v. Bayer Healthcare Pharms. Inc.*, No. 22-cv-01603-BLF, 2022 WL 17170159, at *2 (N.D. Cal. Nov. 22, 2022) ("[C]ourts in this district have held that, due to variances among state laws, failure to allege which state law governs a common law claim is grounds for dismissal." (quoting *Romero v. Flowers Bakeries*, LLC, No. 14-cv-05189-BLF, 2016 WL 469370, at *12 (N.D. Cal. Feb. 8, 2016))). The Court previously dismissed only Plaintiffs' unjust enrichment claim on this basis, *see* ECF No. 66 at 13, but the rule is not confined to unjust enrichment claims.

7

### C. Unjust Enrichment

Sanofi argues that the SAC fails to specify which law governs Plaintiffs' unjust enrichment claims. ECF No. 73 at 22-23. Plaintiffs argue that the SAC is sufficient because it pleads Plaintiffs unjust enrichment claims "on behalf of a nationwide class, or, alternatively, California, New York[,] and Illinois subclasses" and Plaintiffs are permitted to pursue alternative remedies at the pleadings stage. ECF No. 74 at 17.

Plaintiffs misunderstand the requirement. While it is true that Plaintiffs may pursue alternative remedies at the pleading stage, *see In re Gen. Motors CP4 Fuel Pump Litig.*, 393 F. Supp. 3d 871, 882 (N.D. Cal. 2019), that pursuit does not exempt Plaintiffs from the requirement that they specify which state law governs their claim. Although it purports to bring an enrichment claim on behalf of a nationwide class or, in the alternative, the state subclasses, the SAC does not specify which state law governs the claim as to any of these classes. *See* SAC ¶¶ 272-77. Instead, in their brief in opposition to Sanofi's motion, Plaintiffs indicate for the first time California choice-of-law rules would govern the determination of which state's laws apply and "it is unlikely that there is a material variance the laws of the different states at all." ECF No. 74 at 17. But this argument both ignores the pleading requirement and is directly controverted by the caselaw articulating that requirement. *See In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 933 (N.D. Cal. 2018) ("As this Court and other courts in this district have recognized, *due to variances among state laws*, failure to allege which state law governs a common law claim is grounds for dismissal. (emphasis added) (internal quotation marks omitted)). Plaintiffs have thus failed to state a claim for unjust enrichment.

## CONCLUSION

For the foregoing reasons, Sanofi's motion to dismiss is granted in part and denied in part. Plaintiffs' fraud and unjust enrichment claims are dismissed with prejudice because Plaintiffs have

/ / /

/ / /

/ / /

/ / /

8

failed to cure the deficiencies in their complaint despite clear instructions from the Court and ample opportunity to do so.  *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).

**IT IS SO ORDERED.**

Dated:  April 13, 2023



JON S. TIGAR
United States District Judge